NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERTI MUHO, <br><br>                 Plaintiff-Appellant, <br><br>    v. <br><br> CITIBANK, NA, <br><br>              Defendant-Appellee. | No. 15-16490 <br><br> D.C. No. 3:14-cv-03219-HSG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Gerti Muho appeals pro se from the district court's judgment dismissing his

diversity action alleging breach of contract and tort claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Muho's action because Muho failed to allege facts sufficient to state any plausible claim for relief. *See id.* at 341-42 (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Muho's contentions that the district court violated his right to procedural due process.

**AFFIRMED.**